IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NUMBER H-18-519 |
| RODOLFO REYNA RODRIGUEZ, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Defendant, Rodolfo Reyna Rodriguez, has filed Defendant's Motion to Dismiss ("Defendant's Motion") (Docket Entry No. 15), to which the United States has filed its Response to Defendant's Motion to Dismiss Indictment (Doc 15) ("Government's Response") (Docket Entry No. 16), and defendant has filed a Reply to Government Response to His Motion to Dismiss the Indictment (Docket Entry No. 17).

The Government's Response (Docket Entry No. 16), which is supported by the exhibits attached thereto, establishes the following facts, which are not contested by the defendant:

> Immigration agents initially encountered Reyna on July 16, 1997 and served him with a Notice to Appear, at a time and place to be determined. *See* Ex. 3. On September 3, 1997, the Refugio County, Texas, District Court convicted Reyna for possession of 5 to 50 pounds of marijuana and sentenced him to ten years confinement, probated to seven years community

confinement. See Ex. 4. Immigration officials then issued Reyna another Notice to Appear, at a time and date to be set, on September 5, 1997. He signed the notice on the same date. See Ex. 6. Pursuant to that Notice, Reyna appeared and testified before an Immigration Judge on September 17, 1997. See Exs. 6 and 7. At the conclusion of Reyna's hearing, the Immigration Judge found, based on the evidence presented and Reyna's admission of the factual allegations, that he was subject to removal on the charges contained in the N[otice]T[o]A[ppear] and ordered that he be removed from the United States. See Ex. 7. The Immigration Service removed Reyna to Mexico on September 18, 1997, see Ex. 8.

On October 11, 2001, Reyna was convicted in the Southern District of Texas for importing approximately 47.6 kilograms of marijuana into the United States and sentenced to 37 months confinement. See Ex. 10. During Reyna's confinement for that sentence, Immigration served him with a Notice to Appear on September 4, 2002, See Ex. 12, at which time Reyna requested a prompt hearing. Id.[1] An Immigration Judge conducted Reyna's hearing on September 23, 2002. At the conclusion of the hearing, the Immigration Judge found, based on Reyna's admissions, the fact that he made no application for relief from removal, and the charges contained in the Notice to Appear, that Reyna was subject to removal on the charges contained in the NTA and ordered that he be removed from the United States. See Ex. 13. The Immigration Service removed him to Mexico on July 30, 2003. See Ex. 14.

Defendant was indicted in this action for illegal reentry after being convicted of a felony in violation of 8 U.S.C. §§ 1326(a) and (b)(1) (Docket Entry No. 1). In his Motion defendant argues that as a result of the United States Supreme Court's recent decision in <u>Pereira v. Sessions</u>, 138 S. Ct. 2105, 2110-14 (2018), the immigration judges lacked subject matter

---

[1]The NTA required defendant to appear at a date and time "to be set."

jurisdiction, rendering the prior removal orders void. Defendant also argues that the underlying removal orders "did not comport with due process, in violation of 8 U.S.C. § 1326(d)" (Defendant's Motion, Docket Entry No. 15, page 1).

There is no authority by the United States Court of Appeals that directly addresses the effect of Pereira on indictments under 8 U.S.C. § 1326. District courts have reached differing conclusions. Having carefully considered these opinions the court concludes that the December 14, 2018, Memorandum and Order entered by Judge Diana Saldaña in United States of America v. Guillermo Malagamba-De Leon, Criminal Action No. 5:18-00691, correctly analyzes and resolves these issues raised by Defendant's Motion. As Judge Saldaña explained,

> . . . even assuming without deciding that Defendant's jurisdictional arguments are correct, he is still not entitled to the relief he seeks. A jurisdictionally defective removal order may still serve as the basis for a Section 1326 prosecution, and a Section 1326 defendant who seeks to challenge his underlying removal order on jurisdictional grounds must still satisfy all three requirements of Section 1326(d).

Memorandum and Order in 5:18-00691, Docket Entry No. 27, p. 17.

8 U.S.C. § 2326(d) provides:

(d) Limitation on collateral attack on underlying deportation order

In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

If a defendant fails to satisfy any of these elements, the court need not consider the other elements. See United States v. Mendoza-Mata, 322 F.3d 829, 832 (5th Cir. 2003).

A removal order of an immigration judge may be appealed to the Board of Immigration Appeals ("BIA"). See 8 C.F.R. § 1003.3. Defendant does not argue that he exhausted available administrative remedies by appealing his 1997 and 2002 removal orders. The record reflects that defendant waived his right to appeal both the 1997 order[2] and the 2002 order.[3] Defendant argues that he is not required to exhaust his administrative remedies because the immigration proceedings were void under Pereira. But a court's exercise of apparent jurisdiction, even if erroneous, is not subject to collateral attack if the party seeking to challenge the order had the prior opportunity to challenge jurisdiction and failed to do so.[4] See, e.g., Royal Insurance Company of America v.

---

[2]September 17, 1997, Order of the Immigration Judge, Attachment 5 to Government's Response (Government Exhibit 7), Docket Entry No. 16-5.

[3]September 23, 2002, Order of the Immigration Judge, Attachment 9 to Government's Response (Government Exhibit 13), Docket Entry No. 16-9.

[4]Even assuming that the failure to include the dates and times of the removal proceedings in the NTAs deprived the immigration judges of subject matter jurisdiction, the immigration judges would have reasonably believed that jurisdiction existed.

-4-

Quinn-L Capital Corporation, 960 F. 2d 1286, 1293 (5th Cir. 1992); United States v. Hansard, 2007 WL 2141950, *1 (5th Cir. 2007). Therefore, even assuming arguendo that the immigration judges lacked jurisdiction, defendant was required to exhaust his administrative remedies in order to challenge the underlying removal orders. It is undisputed that he failed to do so.

Defendant has also failed to show that the 1997 or 2002 removal proceeding improperly deprived him of the opportunity for judicial review. In the 1997 removal proceeding defendant conceded that he had no right to be in the United States.[5] He waived his right to appeal both the 1997 and 2002 removal orders. Defendant's decisions to waive his right to appeal the removal orders preclude him from satisfying the second requirement for a collateral challenge under § 1326(d).

Nor has defendant demonstrated that entry of the removal orders was prejudicial or otherwise unfair. Entry of a removal order may be fundamentally unfair or prejudicial to the defendant if there is a "reasonable likelihood that but for the errors complained of the defendant would not have been" removed. See Mendoza-Mata, 322 F.3d at 832 (citation omitted). Defendant conceded that he was not lawfully present in the United States in 1997. There is nothing in the record to indicate that if the NTAs had included the dates

---

[5]September 5, 1997, NTA, Attachment 4 to Government's Response (Government Exhibit 6), Docket Entry No. 16-4.

and times for the removal proceedings, the proceedings would not have resulted in defendant's removal.

Because defendant has failed to establish any of the three § 1326(d) requirements to challenge collaterally his prior removal orders, Defendant's Motion to Dismiss (Docket Entry No. 15) is **DENIED**.

This case is set for a jury trial on February 4, 2019, at 1:00 p.m. By January 29, 2019, counsel will file exhibit lists, witness lists, and a proposed jury charge.

**SIGNED** at Houston, Texas, on this 9th day of January, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE